UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------
BETH KRAMER, on behalf of herself and
all others similarly situated,

                    Plaintiff,

               v.

JOVANI FASHIONS LTD.,

                  Defendant.
----------------------------------------------------------------

Docket No.

**CLASS ACTION
COMPLAINT
& DEMAND FOR JURY
TRIAL**

Plaintiff, BETH KRAMER, ("Plaintiff" or "Ms. Kramer"), individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), by and through her undersigned counsel, **Robert Schonfeld, Esq.** of JOSEPH & NORINSBERG, LLC, brings this action against JOVANI FASHIONS LTD., ("JOVANI" or "Defendant") for violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., arising from Defendant's failure to ensure that its ecommerce Website, www.jovani.com is accessible to blind and visually impaired individuals.

## INTRODUCTION

1.     Plaintiff, Beth Kramer, is a resident of New York, New York, and is permanently disabled due to advanced Macular Degeneration complicated by Retinal Detachment, resulting in profound central vision loss. As documented by Dr. Kyle Kovacs, MD, St. Giles Associate Professor of Clinical Ophthalmology at Weill Cornell Medicine, on April 12, 2025, Ms. Kramer's best-corrected visual acuity measures 20/320 in the right eye and 20/280 in the left eye, with severe central field loss, dense scotomas, markedly reduced contrast sensitivity, and a functional visual

field constricted to approximately 15–18 degrees**.** These findings meet the statutory definition of legal blindness under both federal and New York State law. (See Exhibit A.)

2.      Due to her permanent and progressive visual impairment, Ms. Kramer relies exclusively on screen-reading software, including **NonVisual Desktop Access (NVDA)**, to navigate digital interfaces, read product information, and complete online transactions. Properly coded websites are essential for NVDA to interpret content and allow Ms. Kramer to access goods and services on equal terms with sighted consumers.

3.      Defendant **Jovani Fashions Ltd.** is a New York company with its principal place of business located at **42 West 39th Street, 6th Floor, New York, NY 10018** . Defendant owns and operates the public-facing retail website www.jovani.com,  which markets prom dresses, couture gowns, jumpsuits, and related apparel. The website functions as a digital gateway to Defendant's retail distribution network and is integral to its business operations.

4.      Plaintiff visited www.jovani.com on three different occasions with a clear, specific, and commercial purpose: to shop for apparel for herself and for her niece, who is celebrating her Sweet Sixteen in 2026. Plaintiff intended to browse categories, compare styles, review product details, and locate authorized retailers.

5.      Plaintiff brings this civil action against Defendant for its failure to design, construct, maintain, and operate its website so that it is fully accessible to and independently usable by blind and visually impaired individuals. Defendant's denial of full and equal access to the Website—and therefore its denial of the goods and services offered thereby—constitutes unlawful discrimination under the **Americans with Disabilities Act ("ADA")** and related state and local laws.

2

6.      According to the U.S. Census Bureau, approximately **8.1 million** people in the United States are visually impaired, including **2.0 million** who are blind. A 2016 report published by the National Federation of the Blind estimates that approximately **418,500** visually impaired persons reside in the State of New York. Ensuring digital accessibility is therefore essential to equal participation in modern commerce.

7.      Congress has established a clear national mandate to eliminate discrimination against individuals with disabilities. This mandate includes removing barriers to full integration, independent living, and equal opportunity—barriers that include inaccessible websites and digital platforms. New York State and New York City law similarly require places of public accommodation to ensure equal access to goods, services, and facilities by making reasonable accommodations for persons with disabilities.

8.      Defendant's Website is not equally accessible to blind and visually impaired consumers. As a result, Defendant is in violation of the ADA and related state and local laws. Plaintiff seeks a permanent injunction requiring Defendant to modify its corporate policies, practices, and procedures so that its Website becomes—and remains—fully accessible to blind and visually impaired consumers.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188, as Plaintiff alleges violations of Title III of the Americans with Disabilities Act ("ADA"), a federal civil rights statute. Supplemental jurisdiction over Plaintiff's state and city law claims is proper under 28 U.S.C. § 1367.

10.     This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's

claims under the New York State Human Rights Law, Article 15 (Executive Law § 290 *et seq*.) ("NYSHRL"); the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.*, ("NYCHRL") & § 296 *et seq*.; and the New York State Civil Rights Law, Article 4, § 40-c and § 40-d ("NYCRL").

11.    Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because Defendant **Jovani Fashions Ltd.** conducts substantial, continuous, and systematic business within this District through its highly interactive, public-facing retail website, www.jovani.com.  Plaintiff repeatedly accessed and attempted to use the Website from her residence in New York County**,** which lies within the Southern District of New York ("SDNY")**.** A significant portion of the discriminatory conduct giving rise to this action—including the denial of equal access to Defendant's online information and services—occurred within this District.

12.    Defendant purposefully avails itself of the privilege of conducting business in New York by marketing, advertising, and selling its apparel to New York consumers through its Website. Defendant transmits digital content, files, and data to consumers located in this District and maintains a principal place of business at 42 West 39th Street, 6th Floor, New York, NY 10018**,** within the State of New York. Courts have consistently held that such purposeful, repeated online commercial activity constitutes sufficient minimum contacts for personal jurisdiction. See *Reed v. 1-800-Flowers.com, Inc.,* 327 F. Supp. 3d 539 (E.D.N.Y. 2018); *Andrews v. Blick Art Materials, LLC,* 286 F. Supp. 3d 365 (E.D.N.Y. 2017); *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court,* 592 U.S. ___ (2021); *South Dakota v. Wayfair, Inc.*, 585 U.S. ___ (2018); *Romero v. 88 Acres Foods, Inc.*, 2022 U.S. Dist. LEXIS 9040 (S.D.N.Y. Jan. 18, 2022); *Sanchez v. NutCo, Inc.,* 2022 U.S. Dist. LEXIS 51247 (S.D.N.Y. Mar. 22, 2022); *Panarra v. HTC Corp.,* No.

6:20-cv-6991 (W.D.N.Y. Apr. 15, 2022)**.**

13.     Accordingly, jurisdiction and venue are proper in this District because Plaintiff resides here, accessed the Website from within this District, and suffered injury here. Courts within this Circuit have consistently held that website accessibility barriers encountered by users within the District provide a sufficient basis for personal jurisdiction over out-of-state website operators whose digital platforms target or serve New York consumers.

## **THE PARTIES**

14.     Plaintiff **Beth Kramer** is a legally blind resident of New York, New York. Due to advanced Macular Degeneration complicated by Retinal Detachment, Ms. Kramer experiences profound central vision loss, dense scotomas, markedly reduced contrast sensitivity, and a functional visual field of approximately 15–18 degrees. She relies exclusively on screen-reading software, including NVDA, to navigate digital interfaces, read product information, and complete online transactions.

15.     Defendant **Jovani Fashions Ltd.** is a New York company with its principal place of business located at 42 West 39th Street, 6th Floor, New York, NY 10018**.** Jovani Fashions Ltd. owns, operates, controls, and maintains the commercial website www.jovani.com,  which markets prom dresses, couture gowns, jumpsuits, eveningwear, and related apparel to consumers nationwide, including residents of New York.

16.     Defendant markets, advertises, and sells its products to New York consumers through its Website, transmits digital content to users located in this District, and maintains a highly interactive online platform that enables consumers to browse products, review descriptions, select colors and styles, access promotions, and locate authorized retailers. The Website includes

detailed product pages—such as the *Sequin Fitted Gown With Plunge V Neckline 49376*—that present images, descriptions, and purchasing information to consumers nationwide. Defendant is responsible for ensuring that the Website is designed, coded, and maintained in a manner that is accessible to individuals who rely on screen-reading technology.

17.    At all relevant times, Defendant has continuously conducted business within the Southern District of New York by offering its goods and services to residents of this District through its Website and by repeatedly transmitting digital content, files, and data to consumers located here.

## NATURE OF ACTION

18.    This action arises under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq., challenging Defendant's operation of a public-facing website that denies blind and visually impaired individuals full and equal access. Plaintiff, a legally blind resident of this District, attempted to access Defendant's website using screen-reading software but encountered multiple access barriers that prevented meaningful engagement with its services. Defendant's failure to design and maintain its website in accordance with the Web Content Accessibility Guidelines (WCAG 2.1) constitutes unlawful discrimination and violates federal accessibility standards.

19.     The Internet has become a vital source of information and a primary tool for conducting everyday activities such as shopping, learning, banking, researching, and communicating—for sighted, blind, and visually impaired individuals alike.

20.    In today's digital environment, blind and visually impaired individuals access websites using keyboards in conjunction with screen access software that vocalizes visual content

6

or displays it on a refreshable Braille device. This technology, known as screen-reading software, is currently the only method by which blind or visually impaired persons may independently access the Internet. Unless websites are properly coded to interface with screen-reading software, blind and visually impaired users are unable to fully access the information, products, and services offered online.

21.     Users of Windows-enabled computers have access to several screen-reading programs, including Job Access With Speech ("JAWS"), which is commercially available, and NonVisual Desktop Access ("NVDA"), which is open-source. These tools are indispensable for blind users and represent the only means by which they can independently navigate the Internet.

22.     Plaintiff, BETH KRAMER, is a blind, visually impaired individual and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), its implementing regulations at 28 C.F.R. §§ 36.101 et seq., and the NYCHRL. To access the Internet, Plaintiff relies on screen-reading software such as NVDA for Windows.

23.     For screen-reading software to function, website content must be capable of being rendered into text. If the underlying code fails to support this conversion, blind users are unable to access the same content available to sighted users. Screen-reading software "translates the visual Internet into an auditory equivalent. At a rapid pace, the software reads the content of a webpage to the user." *Andrews v. Blick Art Materials, LLC,* 286 F. Supp. 3d 365, 375 (E.D.N.Y. 2017). As Judge Weinstein explained:

> "The screen reading software uses auditory cues to allow a visually impaired user to effectively use websites. For example, when using the visual internet, a seeing user learns that a link may be 'clicked,' which will bring her to another webpage, through visual cues, such as a change in the color of the text… The screen reading software

7

uses auditory—rather than visual—cues to relay this same information… Through a series of auditory cues read aloud by the screen reader, the visually impaired user can navigate a website by listening and responding with her keyboard."

See also American Federation for the Blind, *Screen Readers*, AFB Technology Guide (last accessed June 12, 2025), estimating that 26 million American adults report sight deficiency.

24.     The World Wide Web Consortium ("W3C") has published the Web Content Accessibility Guidelines ("WCAG") 2.0 and 2.1, which establish internationally recognized standards for digital accessibility. These guidelines are widely adopted by private entities and government agencies, including the U.S. Department of Justice, and have been recognized by courts as the appropriate benchmark for ADA compliance.

25.     Non-compliant websites pose recurring barriers to blind and visually-impaired users. Common violations include, but are not limited to:

a. Missing text equivalents for non-text elements

b. Unlabeled frames and navigation regions

c. Scripts without accessible alternatives

d. Inaccessible forms and input fields

e. Content conveyed solely through visual presentation

f. Inability to resize text without loss of functionality

g. Time limits that cannot be adjusted or disabled

h. Missing or ambiguous page titles

i. Links lacking descriptive context

j. Keyboard focus indicators that are not discernible

k. Undetectable default language settings

l. Components that trigger unexpected context changes

m. Settings that alter context without user notice

n. Input fields lacking labels or instructions, including inaccessible CAPTCHA prompts

o. Improperly nested markup, duplicate attributes, and non-unique IDs

p. Inaccessible Portable Document Format (PDF) files

q. User interface elements whose roles and states cannot be programmatically determined items that can be set by the user cannot be programmatically set; and/or notification of changes to these items is not available to user agents, including assistive technology.

<u>STATEMENT OF FACTS</u>

26.     Plaintiff **Beth Kramer** is a legally blind consumer residing in New York County, New York. Due to advanced Macular Degeneration complicated by Retinal Detachment, Ms. Kramer experiences profound central vision loss, dense scotomas, markedly reduced contrast sensitivity, and a functional visual field of approximately 15–18 degrees. She relies exclusively on screen-reading software, including NonVisual Desktop Access ("NVDA"), to navigate digital interfaces, read product information, and complete online transactions.

27.     Ms. Kramer's visual impairment is permanent and medically documented. Her best-corrected visual acuity measures **20/320 in the right eye** and **20/280 in the left eye**, meeting the statutory definition of legal blindness under federal and New York law. Because of her limited contrast sensitivity and inability to visually interpret product images or on-screen text, she depends

9

entirely on properly coded, screen-reader-compatible websites to shop independently.

28.     Plaintiff previously received a Jovani *Off Shoulder Beaded Jumpsuit, Style 44018*, as a gift from a close friend. The garment's high-quality construction, tactile detailing, and luxurious fabric made a strong impression on her, particularly because her visual impairment requires her to rely heavily on the feel and texture of clothing when selecting formalwear. Her positive experience with this Jovani jumpsuit is what prompted her to visit www.jovani.com to explore additional apparel options for herself and for her niece's upcoming Sweet Sixteen celebration.

29.     In preparation for her niece's celebration, Ms. Kramer visited www.jovani.com on **November 15, 2025**, **November 16, 2025**, and **January 7, 2026**, with the intent to browse categories, compare styles, review product details, and identify suitable.  During these visits, Ms. Kramer attempted to access several specific products, including but not limited to:

- **Sequin Fitted Gown With Plunge V Neckline 49376** (the product currently displayed in Plaintiff's browsing session)
- Beaded Corset Tiered Tulle Gown 44134
- Off Shoulder Ball Gown With 3D Floral Appliqués 42187
- Sleeveless V Neck Gown With Beaded Pattern 38270

These items were selected because they matched the styles, silhouettes, and formality appropriate for her niece's celebration and for Plaintiff's own attire needs.

30.     Despite her clear intent to shop, Ms. Kramer was unable to meaningfully navigate or interact with Defendant's Website due to pervasive accessibility barriers. The Website repeatedly failed to announce interactive elements, mis-labeled or omitted ARIA attributes, and

contained structural defects that prevented NVDA from interpreting content. Specifically, Plaintiff encountered:

☐☐ Product cards coded with tabindex="-1", rendering them unreachable by keyboard navigation.

☐ Product images lacking descriptive **alt text**, preventing NVDA from identifying or describing the gowns.

☐ Repeated, improperly coded **"CONSENT PREFERENCES"** overlays that hijacked focus and could not be dismissed via keyboard commands.

☐ Empty or redundant links, unlabeled buttons, and headings with no discernible text.

☐ Misused ARIA roles, including mislabeled menus, landmarks, and interactive elements.

☐ Severe contrast failures that prevented her from perceiving text or interface boundaries.

31.     These barriers were not hypothetical. They appeared on the exact pages Plaintiff attempted to access and are corroborated by objective evidence. WAVE scans of Defendant's Website reveal catastrophic accessibility failures, including **136 errors**, **986–987 contrast errors**, and **over 200 alerts** per page, with an **AIM score of 2.7/10**. These failures include missing labels, empty buttons, improper heading structures, inaccessible modals, and non-keyboard-operable elements—each of which directly interferes with NVDA's ability to interpret the Website.

32.     As a result of these barriers, Ms. Kramer was unable to browse products, activate filters, read descriptions, or access essential information needed to evaluate or purchase apparel. Her exclusion was real, repeatable, and directly caused by Defendant's failure to implement industry-standard accessibility practices.

33.     Defendant's Website is not a passive marketing tool. It is a highly interactive retail platform central to Defendant's business model, offering product listings, retailer-locator

functions, promotional content, and detailed descriptions. Defendant relies on www.jovani.com to market and distribute its apparel nationwide, including to consumers in New York.

34.    On information and belief, Defendant has operated www.jovani.com for years without implementing WCAG-compliant accessibility protocols. Despite longstanding federal guidance and the widespread availability of automated testing tools, Defendant has failed to remediate the barriers identified in this action. The same issues persist across product listings, category pages, and navigational flows, reflecting a systemic disregard for blind and visually impaired users.

35.    Ms. Kramer remains highly motivated to return to www.jovani.com once it is made accessible. She continues to seek formalwear for her niece's Sweet Sixteen and for herself, and she prefers to shop directly from Defendant's Website because it offers the most complete selection, accurate product descriptions, and up-to-date inventory. Her intent to return is concrete, ongoing, and grounded in her personal needs and prior attempts to shop on the Website.

## CLASS ACTION ALLEGATIONS

36.    Plaintiff **Beth Kramer** brings this action on behalf of herself and all others similarly situated, seeking certification of a nationwide class under Fed. R. Civ. P. 23(a) and 23(b)(2): All legally blind individuals in the United States who have attempted to access www.jovani.com and were denied equal access to its digital content, product information, and retailer-locator services due to persistent accessibility barriers during the relevant statutory period.

37.    Plaintiff also seeks certification of a New York Subclass under Fed. R. Civ. P. 23(a) and 23(b)(2): All legally blind individuals residing in the City and State of New York who have

12

attempted to access www.jovani.com  and were similarly denied equal access to its offerings due to the same systemic accessibility barriers.

38.    Common questions of law and fact exist among the Class, including:

- Whether www.jovani.com  qualifies as a "public accommodation" or a service of a place of public accommodation under Title III of the ADA;

- Whether the Website's persistent accessibility barriers violate the ADA by denying blind users full and equal access to Supergroup's products, services, and support;

- Whether the same barriers violate the NYCHRL, NYCRL, and NYSHRL by excluding blind users from meaningful participation in the digital marketplace.

39.    Plaintiff's claims are typical of the Class. Like other blind individuals, she relies on screen-reading software and keyboard navigation to access online platforms. She encountered the same systemic barriers—unlabeled buttons, inaccessible forms, mouse-dependent controls, and unreadable product specifications—that affect all Class members.

40.    Plaintiff will fairly and adequately represent the interests of the Class. She has retained counsel experienced in disability rights and complex class action litigation. Plaintiff has no interests antagonistic to those of the Class and seeks injunctive and declaratory relief applicable to all members.

41.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or failed to act on grounds generally applicable to the Class, warranting injunctive relief to remediate the website's accessibility barriers.

42.    Alternatively, certification is appropriate under Fed. R. Civ. P. 23(b)(3) because common questions of law and fact predominate over individual issues, and a class action is the

most efficient and fair method for adjudicating these claims.

43.     Maintaining this action as a class proceeding will promote judicial economy by avoiding duplicative litigation and ensuring uniform relief for a class likely to include hundreds, if not thousands, of blind individuals who have attempted to use Defendant's Website and faced exclusion due to its inaccessibility.

**FIRST CAUSE OF ACTION**
**(Violations of the ADA, 42 U.S.C. § 12182 *et seq.*)**

44.     Plaintiff, BETH KRAMER, on behalf of himself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

1.     Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 *et seq.,* provides:

No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

45.     Defendant's  Website that is offered as a link to the company is a service that is offered to the general public, and as such, must be equally accessible to all potential consumers.

46.     Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the products, services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i).

47.     Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, inter alia:

[A] failure to make reasonable modifications in policies, practices, or procedures,

when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; [and] a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden.

42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).

48.     The acts alleged herein constitute violations of Title III of the ADA and the regulations promulgated thereunder. Plaintiff, who is a member of a protected class of persons under the ADA, has a physical disability that substantially limits her major life activity of sight within the meaning of 42 U.S.C. §§ 12102(1)(A)-(2)(A). Furthermore, Plaintiff has been denied full and equal access to the Website, www.jovani.com has not been provided services that are provided to other patrons who are not disabled; and has been provided services that are inferior to the services provided to non-disabled persons. Defendant has failed to take any prompt and equitable steps to remedy the discriminatory conduct, as the violations are ongoing. Upon information and belief, Defendant has received prior notice of these accessibility anomalies through consumer complaints, automated audit findings, and industry-standard compliance tools. Despite this notice, Defendant has failed to implement WCAG-compliant remediation, demonstrating a pattern of disregard for its obligations under federal law.

49.     Under 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff requests relief as set forth within the section **Prayer For Relief** below.

## SECOND CAUSE OF ACTION
### (New York State Human Rights Law)
### ("NYSHRL")

50.    Plaintiff, BETH KRAMER, on behalf of himself and the Class and New York City Sub-Classes Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

51.    At all times relevant to this action, the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York Executive Law §§ 290 *et seq.*, covers the actions of the Defendants.

52.    Plaintiff, at all times relevant to this action, as a result of his loss of vision, has a substantial impairment to a major life activity and is an individual with a disability under Article 15 of N.Y. Executive Law § 292(21).

53.    Defendants, at all relevant times to this action, own and operate a place of public accommodation, the subject Website, www.jovani.com within the meaning of Article 15 of N.Y. Executive Law § 292(9).  Defendant is a "person" within the meaning of Article 15 of N.Y. Executive Law § 292(1).

54.    Plaintiff has visited the Website,  www.jovani.com on a number of occasions and has encountered barriers to his access that exist.

55.    Under Article 15 N.Y. Executive Law § 296(2)(a) "it shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation ... because of the ... disability of any person, directly or indirectly, to refuse, withhold from or deny to such person

16

any of the accommodations, advantages, facilities or privileges thereof."

56.     Discrimination includes the refusal to adopt and implement reasonable modifications in policies, practices, or procedures when they are necessary to afford facilities, privileges, advantages, or accommodations to individuals with disabilities. Article 15 of N.Y. Executive Law § 296(2)(a), § 296(2)(c)(i).

57.     Defendant's actions violate Article 15 of N.Y. Exec. Law § 296(2)(a) by discriminating against the Plaintiff and Subclass by (i) owning and operating a website that is inaccessible to disabled individuals who are sight-impaired and cannot discern the content thereof without the use of a screen-reading program; (ii) by not removing access barriers to its Website in order to make accessibility features of the sites known to disabled individuals who are sight-impaired; and (iii) by refusing to modify the Website when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities.  This inaccessibility denies disabled individuals who are sight-impaired full, and equal access to the facilities, goods, and services that the Defendant makes available to individuals who are not disabled and can see without the need of a screen-reading program or other similar device.  Article 15 of N.Y. Exec. Law § 296(2)(c).

58.     The Defendant's discriminatory practice also includes, "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden." Article 15 of N.Y. Exec. Law § 296(2)(c).

59.     Established guidelines exist for making websites accessible to disabled individuals. The International Website Standards Organization, the Worldwide Consortium, known throughout the world as "W3C," has published version 2.1 of the Web Content Accessibility Guidelines ("WCAG 2.1"). WCAG 2.1 is well-established guideline for making websites accessible to the blind and visually impaired people. These guidelines are universally followed by most large business entities and government agencies to ensure websites are accessible.

60.     Defendant has intentionally and willfully discriminated against the Plaintiff and Subclass and violation of the New York State Human Rights Law, Article 15 of N.Y. Exec. Law § 296(2) and the discrimination continues to date.

61.     Absent injunctive relief, Defendant's discrimination will continue against Plaintiff and Subclass, causing irreparable harm.

62.     Plaintiff and the Subclass are therefore entitled to compensatory damages, civil penalties, and fines for every discriminatory act in addition to reasonable attorney fees and costs and disbursements of this action. Article 15 of N.Y. Exec. Law §§ 297(9), 297(4)(c) *et seq.*

### THIRD  CAUSE OF ACTION
**(Violation of New York State Civil
Rights Law) ("NYCRL")**

63.     Plaintiff, BETH KRAMER, on behalf of herself and the New York City Subclass Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

64.     Plaintiff served notice thereof upon the New York State Attorney General, as required by N.Y. Civil Rights Law § 41. (Exhibit 1) (Notice to Attorney General)

18

65.     Persons within New York State are entitled to full and equal accommodations, advantages, facilities, and privileges of places of public accommodations, resort or amusement, subject only to the conditions and limitations established by law and applicable alike to all persons. No person, being the owner of a place of public accommodation, shall directly or indirectly refuse, withhold from, or deny to any person any of the accommodations, advantages, facilities, and privileges thereof. N.Y. Civ. Rights Law § 40.

66.     No person because of disability, as defined in § 292(21) of the Executive Law, shall be subjected to any discrimination in his or her civil rights by person or by any firm, corporation, or institution, or by the state or any agency or subdivision. N.Y. Civ. Rights Law ("NYCRL") § 40-c.

67.     § 292 of Article 15 of the N.Y. Executive Law deems a disability, a physical, mental, or medical impairment resulting from anatomical, physiological, genetic, or neurological conditions that prevent the exercise of a normal bodily function. As such, the Plaintiff is disabled under the N.Y. Civil Rights Law.

68.     Defendant discriminates against the Plaintiff and Subclass under NYCRL § 40 as Defendant's Website, www.jovani.com is a place of public accommodation that does not provide full and equal accommodation, advantages, facilities, and privileges to all persons and discriminates against disabled individuals who are sight impaired.

69.     Defendant intentionally and willfully failed to remove the barriers on their Website, discriminating against the Plaintiff and Subclass preventing access in violation of NYCRL § 40.

70.     Defendant has failed to take any steps to halt and correct its discriminatory conduct and discriminate against the Plaintiff and the Subclass members.

71.     Under N.Y. Civil Rights Law § 41, "a corporation which violates any of the provisions of §§ 40, 40-a, 40-b or 42 shall be liable for a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby… in any court of competent jurisdiction in the county in which the plaintiff or defendants shall reside." *Id...*

72.     Plaintiff and the SubClass hereby demand compensatory damages of five hundred dollars ($500.00) for the Defendant's acts of discrimination, including civil penalties and fines under N.Y. Civil Law § 40 *et seq.*

### FOURTH CAUSE OF ACTION
**(Violations of the New York City Human Rights Law)**
**("NYCHRL")**

73.     Plaintiff, BETH KRAMER, on behalf of herself and the New York City Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

74.     N.Y.C. Administrative Code § 8-107(4)(a) provides that "It shall be an unlawful discriminatory practice for any person who is the owner, franchisor, franchisee, lessor, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation: [b]ecause of any person's . . . disability . . . directly or indirectly: [t]o refuse, withhold from or deny to such person the full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, services, facilities or privileges of the place or provider of public accommodation".

75.     Defendant is subject to NYCHRL because it owns and operates the Website,

www.jovani.com  making it a "person" within the meaning of N.Y.C. Admin. Code § 8-102(1).

76.    Defendant violates N.Y.C. Administrative Code § 8-107(4)(a) in refusing to update or remove access barriers to Defendant's Website, causing the Website and the services integrated completely inaccessible to the blind. This inaccessibility denies blind patrons full and equal access to the facilities, products, and services that Defendant makes available to the non-disabled public.

77.    Defendant is required to "make reasonable accommodation to the needs of persons with disabilities . . . any person prohibited by the provisions of [§ 8-107 *et seq.*] from discriminating based on disability not to provide a reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job or enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." N.Y.C. Admin. Code § 8-107(15)(a).

78.    Defendant's actions constitute willful intentional discrimination against the Sub-Class based on a disability in violation of the N.Y.C. Administrative Code § 8107(4)(a) and § 8-107(15)(a), in that Defendant has:

    a.    constructed and maintained a Website that is inaccessible to blind class members with knowledge of the discrimination; and/or

    b.    constructed and maintained a Website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

    c.    failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

79.    Defendant has failed to take any prompt and equitable steps to remedy the discriminatory conduct as these violations are ongoing.

80.    As such, Defendant discriminates and will continue in the future to discriminate

against Plaintiff and other members of the proposed class and subclass based on disability in the full and equal enjoyment of the products, services, facilities, privileges, advantages, accommodations and/or opportunities of the Website under N.Y.C. Administrative Code § 8-107(4)(a). Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the Class will continue to suffer irreparable harm.

81.    Defendant's actions were to violate the NYCHRL, and therefore, Plaintiff invokes the right to injunctive relief to remedy the discrimination.

82.    Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines under N.Y.C. Administrative Code § 8-120(8) and § 8-126(a) for each offense as well as punitive damages pursuant to § 8-502.

83.    Plaintiff is also entitled to reasonable attorneys' fees and costs.

84.    Under N.Y.C. Administrative Code § 8-120 and § 8-126 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

## FIFTH CAUSE OF ACTION
### (Declaratory Relief)

85.    Plaintiff, BETH KRAMER, on behalf of himself and the Class and New York City Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

86.    An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that the Website contains access barriers denying blind customers the full and equal access to the products, services and facilities

of the Website, which Defendant owns, operates and controls, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*, and N.Y.C. Admin. Code § 8-107, *et seq*., prohibiting discrimination against the blind.

87.     A judicial declaration is necessary and appropriate at this time so that each of the parties may know its respective rights and duties and act accordingly.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

a.    A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., N.Y.C. Administrative Code § 8-107, et seq., and the laws of New York;

b.    A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make the Website fully compliant with the requirements set forth in the ADA, and the implementing regulations, so that the Website is readily accessible to and usable by blind individuals;

c.    A declaration that Defendant owns, maintains and/or operates the Website in a manner that discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., N.Y.C. Administrative Code § 8-107, et seq., and the laws of New York;

d.    An order certifying the Class and Sub-Classes under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and Plaintiff's attorneys as Class Counsel;

e.    Compensatory damages in an amount to be determined by proof, including all applicable statutory and punitive damages and fines, to Plaintiff and the proposed class and subclasses for violations of civil rights under New York City Human Rights Law, the New York State Human Rights Law and the New York State Civil Rights Law;

f.    Pre-judgment and post-judgment interest;

g.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h.    Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact

the Complaint raises.

Dated: New York, New York
        February 17, 2026

Respectfully submitted,
**JOSEPH & NORINSBERG, LLC**
*/s/ Robert Schonfeld*
Robert Schonfeld, Esq
*Attorneys for Plaintiff*
825 Third Avenue, Suite 2100
New York, New York 10022
Tel. No.: (212) 227-5700
Fax No.: (212) 656-1889
rschonfeld@employeejustice.com

24